UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Blue Diamond Growers, | No. 2:20-cv-01932-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Freedom Foods PTY LTD., | |
| Defendants. | |

**I.     Background**

Specially appearing defendant Freedom Foods Pty Ltd. ("FFPL") seeks to file under seal certain portions of its Memorandum of Points and Authorities in Support of its Motion to Dismiss or, in the Alternative, Stay, ECF No. 13, and Exhibits A, B, C, D and E to the Paris Declaration filed in support thereof.  In tandem with this request, FFPL filed its Motion with portions of its Memorandum already redacted, and provided the exhibits it wishes to seal only *in camera*.  This is contrary to proper procedure as redactions other than those provided for by the local rules or federal law are not "permitted unless the [c]ourt has authorized the redaction."  E.D. Cal. R. 140; E.D. Cal. R. 141 (a) ("[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law").

The court finds there are compelling reasons to redact some of the information covered by defendant's request, and that the compelling reasons outweigh the public's interest in disclosure

1

of this subset of the information covered by FFPL's request.  Accordingly, FFPL's Request to Seal Documents is **granted in part and denied in part**, as explained below.  To the extent defendant's filings exceed what the court is granting, those filings are stricken and defendant is ordered to refile the documents as ordered below.

## II.     Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978).  While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal," or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id*. at 598 (internal quotation marks omitted) (citations omitted).  As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).  If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id*. at 1096.  Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id*. at 1096-97 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  The compelling-reasons standard applies even if the contents of the motion or its attachments have previously been filed under seal or are covered by

/////

1  a generalized protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d
2  at 1136.

3      **III.**    **Discussion**

4      The court finds FFPL has not provided compelling reason for sealing all 70 pages FFPL
5  puts forward in its motion, given that many of the pages do not contain any confidential
6  information.  For example, in its complaint which is on the public docket Blue Diamond identifies
7  portions of the License Agreement and First Amendment, particularly the provisions regarding
8  exclusivity.  Compl. ¶¶ 8–9, 16–18, 29–36, ECF No. 1.  Defendant did not object to this public
9  filing, and thus the information is no longer confidential.  At the same time, the court finds
10 limited portions of the documents, including details about business operations and agreements,
11 could harm both litigants' "competitive standing."  *See Ctr. For Auto Safety*, 809 F.3d at 1097
12 (identifying "sources of business information that might harm a litigant's competitive standing" as
13 compelling reason to seal (quoting *Nixon*, 435 U.S. at 598-99); *Selling Source, LLC* v. *Red River*
14 *Ventures, LLC*, No. 2:09-01491, 2011 WL 1630338, at *6 (D.Nev. Apr. 29, 2011) (redacting
15 information that would reveal trade secrets, business operations and licensing practices of the
16 parties).  Taking account of what defendant legitimately claims as confidential, the following
17 documents may be filed with redactions as follows:

18 - FFPL's Memorandum of Points and Authorities may be redacted at page 17 note 7
19   to prevent disclosure of the confidential pricing terms in Section 4 of the License
20   Agreement.
21 - Exhibits A, a version of the Licensing Agreement between the parties may be filed
22   with the following sections redacted:
23   - Section 2, discussing the term and renewal of the License Agreement,
24   - Section 3(d), discussing the marketing plan under the License Agreement;
25   - Section 3(e), discussing the promotional plan under the License
26     Agreement; and
27   - Section 4, discussing pricing terms under the License Agreement.
28 ////

- Exhibit B, a version of the first amendment of the License Agreement may be filed with section 2(a)(iii), discussing the amount of rebates, redacted.
- Exhibit E, a version of the Concise Statement may be submitted with the following sections redacted:
    - Paragraph 6(a), discussing Section 2 of the License Agreement;
    - Paragraph 6(c), discussing Section 3(d) of the License Agreement;
    - Paragraph 6(d), discussing Section 4 of the License Agreement; and
    - Paragraph 7, discussing the amount of sales of Blue Diamond products and ingredients as well as Freedom's payment.

To the extent a redacted document is filed on the public docket, an unredacted companion copy shall be filed under seal at the same docket number to preserve the record.  FFPL's request is otherwise denied.

FFPL's memorandum at ECF No. 13 is **stricken** as improperly filed.  FFPL may refile the memorandum with only the limited redaction approved by this order, with the accompanying exhibits redacted as also approved.  To the extent FFPL instead chooses to withdraw certain documents or portions thereof, it may do so, filing a fully unredacted motion on the public docket. *See* Local Rule 141(e).

This order resolves ECF No. 12.

IT IS SO ORDERED.

DATED:  January 26, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE